John W. Carpenter, Esq. (Bar No. 221708)
Technology Licensing Company Inc.
33 ½ Los Pinos
Nicasio, CA 94946
Office Telephone: (415) 374-7157
Cell Telephone: (415) 577-0698
Facsimile: 1-866-410-6248
Email: john@jwcarpenterlaw.com

*Attorney for Plaintiff*
*Technology Licensing Company Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **Technology Licensing Company, Inc.,** | Case No.: |
| Plaintiff | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT AND INDUCING PATENT INFRINGEMENT** |
| **Sears, Roebuck and Co.** | |
| Defendant | **DEMAND FOR JURY TRIAL** |

Complaint for Patent Infringement
Case No.: _____        Technology Licensing Co v. Sears, Roebuck and Co.

Page 1 of 7

# COMPLAINT FOR PATENT INFRINGEMENT AND INDUCING PATENT INFRINGEMENT

Plaintiff, Technology Licensing Company Inc., complains of and for causes of action against Defendant, Sears, Roebuck and Co., alleges as follows:

## Nature of the Case

1. This is an action arising under the Patent Laws and Statutes of the United States in which Plaintiff seeks to recover for patent infringement, and for inducing patent infringement, and for any and all damages and costs flowing therefrom.

## Jurisdiction and Venue

2. The Court has exclusive jurisdiction of the patent infringement claim and the inducement of patent infringement claim, all asserted in this case pursuant to the Patent Laws and Statutes of the United States (e.g., 35 U.S.C. §§ 271, *et seq.* and § 281) including 28 U.S.C. §§ 1331, 1338, 2201-2202. Venue is proper in this district under 28 U.S.C § 1391.

## The Parties

3. Plaintiff, Technology Licensing Company Inc. ("Plaintiff"), is a California Corporation with a principal place of business in Nicasio, CA. 94946

4. Defendant, Sears, Roebuck and Co. ("Defendant"), is a Delaware Corporation having a principal place of business in Hoffman Estates. IL. 60179

Complaint for Patent Infringement
Case No.: _____          Technology Licensing Co v. Sears, Roebuck and Co.

Page 2 of 7

Plaintiff's Patent

5. Plaintiff is the owner of United States No.5,734,862 ("the Patent") which was duly issued on March 31, 1998. The Patent concerns *inter alia* embodiments for a system and method for making and/or viewing DVDs. Plaintiff has licensed the Patent to more than 18 (eighteen) manufacturers and/or resellers of DVD Players.

COUNT I

**(Patent Infringement)**

6. This COUNT is instituted against Defendant for infringement (i.e., direct infringement) of the Patent.

7. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

8. On information and belief, Defendant is infringing and/or has infringed the Patent in this Judicial District and/or elsewhere in the United States by using and/or having used, and/or selling and/or having sold, and/or offering and/or having offered for sale, APEX brand DVD Players.

9. On information and belief, at least one embodiment of the invention of the Patent which Defendant is infringing, and/or has infringed, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry.

10. On information and belief, at least one embodiment of the invention of the Patent which Defendant is infringing, or has infringed, operates, at least in part, in accordance with

Complaint for Patent Infringement
Case No.: _____          Technology Licensing Co v. Sears, Roebuck and Co.

Page 3 of 7

and/or complies, at least in part, with "DVD Specifications for read-Only Disc, Part 3 VIDEO SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

11. Plaintiff has suffered damages by reason of Defendant's infringement of the Patent.

12. On information and belief, Defendant's infringement of the Patent has been or is willful and deliberate, thus warranting an increase of the damages recoverable by Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

## COUNT II
### (Actively Inducing Patent Infringement)

13. This COUNT is instituted against Defendant for actively inducing patent infringement.

14. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-5.

15. On information and belief, Defendant is selling and/or is offering for sale, and/or has sold, and/or has offered for sale, in this Judicial District and/or elsewhere in the United States APEX brand DVD Players.

16. On information and belief, when Defendant sells and/or has sold, offers and/or has offered to sell, to persons, embodiments of the invention of the Patent in this Judicial District and/or elsewhere in the United States, the sales are and/or were accompanied with documents, written instructions, and/or other instructions or components, from Defendant on how to operate embodiments of the invention of the Patent.

Complaint for Patent Infringement
Case No.: _____          Technology Licensing Co v. Sears, Roebuck and Co.

Page 4 of 7

17. On information and belief, when Defendant accompanies and/or had accompanied its sales and/or offers to sell to persons with documents, written instructions, and/or other instructions or components, on how to operate embodiments of the invention of the Patent, Defendant was and is aware that such documents, written instructions, and/or other instructions or components, are inducing and/or were inducing the persons to infringe the claims of the Patent. On further information and belief, Defendant thereby has actively induced and/or is actively inducing the persons in this Judicial District and/or elsewhere in the United States to infringe the claims of the Patent.

18. On information and belief, at least one embodiment of the invention of the Patent which Defendant is and/or was actively inducing infringement, operates, at least in part, in accordance with and/or complies, at least in part, with technical standards generally adhered to by the DVD Player Industry.

19. On information and belief, at least one embodiment of the invention of the Patent which Defendant is actively inducing infringement, and/or has actively induced infringement, operates, at least in part, in accordance with and/or complies at least in part with "DVD Specifications for read-Only Disc, Part 3 VIDEO SPECIFICATIONS," Version 1.13, March 2002, published by DVD Format/Logo Licensing Corporation.

20. Plaintiff has suffered damages by reason of Defendant's active inducement of infringement of the Patent.

21. On information and belief, Defendant's active inducement of the infringement of the Patent has been or is willful and deliberate, thus warranting an increase of the damages

Complaint for Patent Infringement
Case No.: _____          Technology Licensing Co v. Sears, Roebuck and Co.

Page 5 of 7

recoverable by Plaintiff under the provisions of 35 U.S.C. § 284, up to three times the amount of actual damages sustained by Plaintiff, and also making this an exceptional case within the meaning of 35 U.S.C. § 285.

## RELIEF

WHEREFOR PLAINTIFF PRAYS:

(a) For decree and judgment against Defendant and all in privity with Defendant that the Patent is valid and enforceable;

(b) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is and/or has been, infringed by Defendant and that Defendant is liable as a patent infringer;

(c) For decree and judgment against Defendant and all in privity with Defendant, that the Patent is and/or has been, infringed by active inducement of infringement by Defendant and that Defendant is liable as an active inducer of infringement;

(d) For an accounting for, and an assignment of, an award of profits derived by Defendant and damages suffered by Plaintiff in consequence of the patent infringement and the active inducement of patent infringement;

(e) For a decree and judgment against Defendant trebling the profits derived by Defendant and damages suffered by Plaintiff pursuant to statute (e.g., 35 U.S.C. § 284);

(f) For the costs of this suit, reasonable attorney's fees as provided by statute (e.g., 35 U.S.C. § 285), and an assessment of interest and cost against the Defendant;

(g) For prejudgment interest at the maximum rate allowed by law;

Complaint for Patent Infringement
Case No.: _____   Technology Licensing Co v. Sears, Roebuck and Co.

Page 6 of 7

(h) For post judgment interest at the maximum rate allowed by law, from the date of the judgment until paid; and

(i) For such other and further relief which should appear just and equitable to this Court.

## DEMAND FOR JURY TRIAL

In accordance with Civil Local Rule No. 3-6, Plaintiff requests for a trial by jury.

Respectfully submitted,

*/s/ John W. Carpenter*

John W. Carpenter, Esq. (Bar No. 221708)

Technology Licensing Company Inc.
33 ½ Los Pinos
Nicasio, CA 94946
Office Telephone: (415) 374-7157
Facsimile: 1-866-410-6248
Email: john@jwcarpenterlaw.com

Attorney for Plaintiff
Technology Licensing Company Inc.

Complaint for Patent Infringement
Case No.: _____        Technology Licensing Co v. Sears, Roebuck and Co.

Page 7 of 7