1  MAYER BROWN LLP
   BRANDON BAUM (121318)
2  baum@mayerbrown.com
   CLIFF A. MAIER Ph.D. (248858)
3  cmaier@mayerbrown.com
   Two Palo Alto Square, Suite 300
4  3000 El Camino Real
   Palo Alto, CA 94306-2112
5  Telephone: (650) 331-2080
   Facsimile: (650) 331-2060
6
   Attorneys for Defendant
7  SEARS, ROEBUCK AND CO.

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TECHNOLOGY LICENSING COMPANY, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>SEARS, ROEBUCK AND CO.,<br><br>Defendant. | Case No. C08-0343 (JL)<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PERSONS**<br><br>Action Filed: January 17, 2008<br><br>**JURY TRIAL DEMANDED** |

For its Answer to the Complaint (the "Complaint") filed by Technology Licensing Company, Inc. ("Plaintiff" or "TLC"), Defendant Sears, Roebuck and Co. ("Defendant" or "Sears") states as follows:

1. Defendant admits that Plaintiff has brought this action under the patent laws and statutes of the United States, but denies all other allegations in Paragraph 1 of the Complaint.

2. Defendant admits that the Court has exclusive jurisdiction over patent infringement claims alleged in Paragraph 2 of the Complaint, and that venue is proper in this district. Defendant is without sufficient information to form a belief as to the ownership of the patent, and therefore whether Article III standing lies, and on that basis denies the remaining allegations of Paragraph 2 of the Complaint.

3. On information and belief, Defendant admits the allegations of Paragraph 3 of the Complaint.

4. Defendant, a New York corporation, denies Paragraph 4 of the Complaint but admits that its principal place of business is Hoffman Estates, Illinois.

5. Defendant admits that Patent No. 5,734,862 (the "Patent") was issued on March 31, 1998. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 5 of the Complaint and on that basis denies the allegations.

6. Defendant admits that Count 1 as alleged in Paragraph 6 purports to be a claim for direct patent infringement, but Defendant denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant incorporates by reference its responses to the allegations of Paragraph 1 through 5 of the Complaint.

8. Defendant denies the allegations of Paragraph 8 of the Complaint.

9. Defendant denies the allegations of Paragraph 9 of the Complaint.

10. Defendant denies the allegations of Paragraph 10 of the Complaint.

11. Defendant denies the allegations of Paragraph 11 of the Complaint.

12. Defendant denies the allegations of Paragraph 12 of the Complaint.

13. Defendant denies the allegations of Paragraph 13 of the Complaint.

14. Defendant admits that Count 2 as alleged in Paragraph 14 purports to be a claim for actively inducing patent infringement, but Defendant denies the remaining allegations of Paragraph 14 of the Complaint.

15. Defendant incorporates by reference its responses to the allegations of Paragraph 1 through 5 of the Complaint.

16. Defendant denies the allegations of Paragraph 16 of the Complaint.

17. Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant denies the allegations of Paragraph 18 of the Complaint.

19. Defendant denies the allegations of Paragraph 19 of the Complaint.

20. Defendant denies the allegations of Paragraph 20 of the Complaint.

21. Defendant admits the allegations of paragraph 21 of the Complaint to the extent that Paragraph 21 alleges that Defendant has to date rejected certain terms by which Plaintiff has offered Defendant a license to the Patent. To the extent that the paragraph 21 alleges that Defendant has rejected a license out of hand, Plaintiff denies the allegations of Paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint. By designating the following defenses as affirmative defenses, Defendant does not concede that it bears the burden of proof with respect to any such defense and does not intend to alter the burden of proof on such matters to the extent the burden rests on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

**(Noninfringement)**

Sears has not infringed any valid and enforceable claim of the Patent.

### SECOND AFFIRMATIVE DEFENSE

**(Absence of Liability for Infringement)**

Sears is not liable for any alleged infringement of any claim of the Patent.

## THIRD AFFIRMATIVE DEFENSE

**(Unenforceability)**

The Patent is unenforceable against Sears and others.

## FOURTH AFFIRMATIVE DEFENSE

**(Laches, Estoppel and/or Unclean Hands)**

TLC's claims and all relief thereunder are barred, in whole or in part, by the doctrines of laches, estoppel (both legal and equitable) and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

**(Invalid Claim)**

The Patent contains one or more claims that are invalid, and no disclaimer has been entered at the Patent and Trademark Office pursuant to 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE

**(License)**

TLC's claims and all relief thereunder are barred, in whole or in part, by express or implied license.

## SEVENTH AFFIRMATIVE DEFENSE

**(Patent Exhaustion)**

TLC's claims for relief are barred, in whole or in part, by the doctrine of patent exhaustion.

## EIGHTH AFFIRMATIVE DEFENSE

**(Invalidity)**

The Patent and each and every claim thereof are invalid for failure to comply with Parts II and/or III of Title 35 of the United States Code, including §§ 101, 102, 103 and 112.

## NINTH AFFIRMATIVE DEFENSE

**(Failure to Comply With Notice Requirements)**

TLC's claims for relief are barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

TLC's claims for relief are barred, in whole or in part, for lack of standing, both legal and prudential.

## COUNTERCLAIMS

1. This Court has jurisdiction over TLC and the subject matter of this Counterclaim under 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202. Venue is proper under 28 U.S.C. § 1400(b).

2. This is a Counterclaim for declaratory judgment arising from an actual controversy between TLC and Sears concerning the validity, enforceability and scope of claims of the Patent, for which TLC claims that Sears is liable for infringement thereof.

3. Sears seeks a declaratory judgment that the Patent and its claims are invalid for failure to comply with Parts II and/or III of Title 35 of the United States Code.

4. Sears seeks a declaratory judgment that it has not infringed any valid and enforceable claim of the Patent.

**WHEREFORE,** Sears prays that the Court enter Judgment as follows:

A. That the Complaint be dismissed with prejudice and that TLC take nothing thereby;

B. That Judgment be entered on the Complaint in favor of Sears;

C. That Judgment be entered on the Counterclaim in favor of Sears and that the Court award Sears the damages suffered as a result of TLC's actions;

D. That the Court declare U.S. Patent No. 5,734,862 to be invalid;

E. That the Court declare that Sears has not and is not directly or indirectly infringing U.S. Patent No. 5,734,862;

F. That the Court declare U.S. Patent No. 5,734,862 to be unenforceable;

1  G.   That the Court award Sears its costs incurred in this action, including its
2  reasonable attorneys' fees under the exceptional case standard of 35 U.S.C. §285; and
3  H.   That the Court grant such other and further relief as the Court deems just,
4  necessary or proper.

DATED:  March 28, 2008

MAYER BROWN LLP


By: /s/ _____
    Brandon Baum
    Attorneys for Defendant and Counterclaimant
    SEARS, ROEBUCK AND CO.

5
ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PERSONS
CASE NO. C08-0343(JL)
44045737.2

## JURY DEMAND

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Defendant and Counterclaimant Sears, Roebuck and Co. hereby demands a trial by jury for all issues so triable in this action.

DATED: March 28, 2008

MAYER BROWN LLP

By: /s/
Brandon Baum
Attorneys for Defendant and Counterclaimant
SEARS, ROEBUCK AND CO.

6
ANSWER TO COMPLAINT AND COUNTERCLAIM; DEMAND FOR JURY TRIAL; CERTIFICATION OF INTERESTED PERSONS
CASE NO. C08-0343(JL)

44045737.2

## CERTIFICATION OF INTERESTED PARTIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Sears, Roebuck and Co.

Sears Holdings Corporation

Apex Digital Inc.

DATED:

MAYER BROWN LLP

By: /s/
    Brandon Baum
Attorneys for Defendant and Counterclaimant
SEARS, ROEBUCK AND CO.